# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# 18-cv-388

| | |
|---|---|
| JOHNELIA PETTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| CHARLOTTE-MECKLENBURG ) | |
| BOARD OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Johnelia Pettice, complaining of defendant, alleges the following:

## NATURE OF ACTION

1. Plaintiff has instituted this action pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111, *et seq.*, *as amended*, (hereafter "ADA"), and the common law of North Carolina.

## PARTIES

2. The plaintiff, Johnelia Pettice, is a resident of Mecklenburg County, North Carolina. At all times pertinent to this action, the plaintiff was an

"employee" of defendant within the meaning and definitions of the ADA, 42 U.S.C. § 12111(4).

3. The defendant, Charlotte-Mecklenburg Board of Education is a body corporate established pursuant to N.C. Gen. Stat. § 115C-40 and is the proper party for prosecuting and defending suits against Charlotte-Mecklenburg Schools. Charlotte-Mecklenburg Board of Education shall hereafter collectively be referred to as "defendant." At all times pertinent to this action, defendant employed over 500 employees, and was the "employer" of plaintiff within the meaning and definitions of the ADA, 42 U.S.C. § 12111(5)(A).

## FACTS

4. Plaintiff was initially employed by defendant beginning in September 1988 as an instructional assistant. Plaintiff has since held numerous positions with defendant, including as a teacher assigned to teach students ranging from first to sixth grades following certification in 1999. Plaintiff's most recent position was a Curriculum Resource Teacher.

5. As a Curriculum Resource Teacher, plaintiff instructed students ranging from second to fourth grade with identified developmental needs in reading and reading comprehension in small group settings. Additionally, Plaintiff would provide assessment updates to the primary assigned teachers and parents of

each student about their progress and assist in designing lesson plans aimed at increasing achievement in reading and reading comprehension.

6. Plaintiff excelled in the performance of her duties while under the employ of defendant, as she had throughout her nearly 30-year career in the field of education. Plaintiff's performance reviews demonstrated that she met or exceeded the reasonable expectations of her employer.

## PLAINTIFF'S DISABILITY

7. Plaintiff suffers from Primary Open Angle Glaucoma (POAG) in both eyes. POAG affects her visual acuity in her left eye and her visual field in both eyes, which is significantly restricted. Plaintiff's visual restrictions stemming from POAG constitute a substantial limitation of her major life activity of seeing.

8. Defendant was informed and aware of plaintiff's disability since 2010.

9. Plaintiff's visual disability can be reasonably accommodated in order for plaintiff to teach in larger classrooms with more students than small group settings. Plaintiff had successfully managed her disability for over two decades, with plaintiff using prescription eyeglasses designed to enhance her vision and vision field and participating in rehabilitation programs including visual and non-visual training.

10. Additionally, reasonable accommodations can be implemented for plaintiff to perform the essential functions of her job as teacher including: a portable desk lamp to aid in reading printed material; a portable reverse telescope worn around the neck for visual field enhancement; and an external camera CCTV mounted on a rolling table which can be used in the classroom to allow plaintiff to scan the room more effectively and efficiently. These specific devices and reasonable accommodations including allowing plaintiff to familiarize herself with her classroom were listed in a letter to defendant dated, November 22, 2013, from plaintiff's medical provider, Metrolina Association for the Blind (MAB), following an evaluation on October 7, 2013. The medical evaluation completed by MAB on plaintiff was done at the request of defendant.

11. Plaintiff provided notice of her POAG diagnosis and request for reasonable accommodations on or about November 22, 2013 to defendant through the letter from MAB in order for plaintiff to teach in a full class of students. Defendant refused to take any action to provide the reasonable accommodations. Despite defendant's lack of response to the November 22, 2013 letter, plaintiff continued to perform the essential functions of her job during her employment as a Curriculum Resource Teacher at different schools.

4

12. In August 2014, plaintiff was forced to provide information related to her disability again to defendant. Plaintiff learned through her conversations with defendant's Human Resources (HR) Department that plaintiff's file with defendant's HR Department had been lost. Plaintiff continued to perform the essential functions of her job during the 2014-2015 and 2015-2016 school year as a Curriculum Resource Teacher.

13. In August 2016, days prior to the start of classes, plaintiff was abruptly informed by her supervisors that the position of Curriculum Resource Teacher had been eliminated, and that plaintiff would be assigned a classroom of approximately 30 fourth graders. Plaintiff had previously been informed that she would remain in her role as Curriculum Resource Teacher as she had been assigned for years prior.

14. In a meeting between defendant's HR representatives Melissa Dahmer, Robert Carmichael and plaintiff on August 25, 2016 to discuss the placement into a position teaching fourth grade, plaintiff produced the November 22, 2013, letter from MAB outlining the reasonable accommodations requested in order for her to serve as a teacher in the classroom.

15. Plaintiff indicated in the August 25, 2016 meeting that she would be willing to teach the fourth-grade class as she had previously done, and she desired

5

to continue her employment with defendant. Plaintiff was directed by defendant to provide updated medical information and evaluation from MAB regarding her disability and reasonable accommodations.

16. At the conclusion of the August 25, 2016 meeting, plaintiff was informed by defendant's representatives that she would not be allowed to work and would be forced to use sick days and accrued paid leave time until plaintiff could be placed in another position with defendant or she provided documentation from her medical provider. Defendant provided no justification for their refusal to allow plaintiff to continue on with her assigned job duties.

17. On September 20, 2016 plaintiff met with representatives of MAB and a medical examination was conducted related to her vision and POAG diagnosis.

18. On October 4, 2016 plaintiff received training on adaptive visual devices from MAB. Defendant was made aware of the training in a letter dated October 4, 2016 from MAB, which indicated plaintiff had performed well in training and had a basic understanding of how to use the equipment for school and classroom purposes.

19. On October 6, 2016 plaintiff provided an updated letter from MAB to defendant addressing her disability and the reasonable accommodations requested

6

by plaintiff, which were *identical* to those identified in MAB's November 22, 2013 letter. The October 6, 2016, letter included a statement from MAB that "*We feel these accommodations would allow Ms. Pettice to perform the essential functions of her job and allow her to continue to provide quality education to the children of CMS.*" Additionally, MAB's October 6, 2016, letter indicated they would order the devices (folding battery-operated desk lamp, 2.5x Optelec Powerscope monocular used as a reverse telescope, and external camera CCTV with case and portable table) and further train plaintiff on the use thereof, once plaintiff received proper approval and payment from defendant.

20. Despite plaintiff's repeated requests for accommodations and supporting documentation from her medical provider, defendant was neither willing to engage in the interactive process nor willing to provide her with accommodations. Additionally, defendant failed and was unwilling to determine if there were other available positions plaintiff was able to perform.

21. The devices and environmental modifications requested as reasonable accommodations in MAB's October 6, 2016 letter were inexpensive, reasonable, and contemplated by the Equal Employment Opportunity Commission (EEOC) regulations. In fact, upon information and belief, some of the devices or similar

7

equipment were already in the possession of defendant and used by other employees at different schools.

22. From October 6, 2016 until on or about November 3, 2016, plaintiff attempted to obtain a response from defendant related to her request for reasonable accommodations, or as to when she could return to work.

23. Finally, On November 3, 2016, plaintiff was informed by defendant they would not be providing the requested accommodations due to concerns regarding student safety. Defendant's assertions regarding student safety concerns were unfounded and false.

24. Plaintiff was informed by a representative of defendant's HR department that she would be terminated when her sick leave and accrued paid leave ran out and plaintiff would have to file for disability.

25. Following the direction of defendant's representatives, plaintiff remained out of work, exhausting her remaining sick and accrued leave through the end of August 2017. In September 2017 plaintiff filed for short-term disability and subsequently long-term disability, again, at the direction of defendant's HR representatives.

26. As a result of defendant's directive, plaintiff subsequently and involuntarily retired on December 22, 2017.

8

## ADMINISTRATIVE REMEDIES

27. On or about December 20, 2016, plaintiff filed a Charge of Discrimination with the EEOC (Charge # 430- 2017-00439) in its Charlotte, North Carolina office. Plaintiff's charge alleged disability discrimination.

28. On February 22, 2018, the EEOC found reasonable cause to determine plaintiff was denied a reasonable accommodation in violation of the ADA.

29. Following a failed conciliation on April 17, 2018, the EEOC issued a Notice of Right to Sue (Conciliation Failure) on April 19, 2018.

30. Plaintiff has complied with all procedural prerequisites to filing this action.

## FIRST CLAIM FOR RELIEF
### Disability Discrimination in Violation of the ADA

31. Plaintiff incorporates the foregoing paragraphs as if fully set out herein.

32. The ADA requires that a qualified individual with a disability be reasonably accommodated to enable her to perform the essential functions of her job in the absence of proof of some undue hardship.

33. At all times pertinent to this action, plaintiff was a qualified individual with a disability who, because of a physical impairment, suffers a substantial limitation of her life activity of *seeing*.

34. Defendant, through its agents, wrongfully and intentionally discriminated against plaintiff because of her disability, in violation of the ADA, on a continuing basis, as follows:

a. In failing to engage in a good-faith, reasonable, interactive process to determine reasonable accommodations to enable plaintiff to continue to work;

b. In denying plaintiff reasonable accommodations which would have enabled her to continue to work in her position as a teacher;

c. In the alternative, in failing to identify other positions which were available for plaintiff to work with defendant;

d. In effectively forcing plaintiff to apply for and ultimately to submit to involuntary retirement;

35. As a proximate result of defendant's illegal acts of disability discrimination against plaintiff, plaintiff has suffered substantial damages, including lost income and benefits and other economic losses; mental anguish and emotional distress; loss of reputation and quality of life; and other damages to be proven at trial.

36. Plaintiff is entitled to appropriate relief pursuant to the ADA, including compensatory damages and reasonable attorneys' fees and costs for her representation herein pursuant to 42 U.S.C. § 12117(a).

37. Defendant engaged in disability discrimination against the plaintiff with reckless indifference to her federally protected rights. Accordingly, plaintiff is entitled to punitive damages pursuant to 42 U.S.C. § 1981a(b).

### SECOND CLAIM FOR RELIEF
### Plaintiff's Claim for Wrongful Discharge in Violation of the Public Policy of North Carolina Against Discrimination Based on Disability

38. Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

39. The public policy in North Carolina protects employees from discrimination based on disability.

40. Defendant violated the public policy of North Carolina in its termination of plaintiff's employment because of her disability.

41. As a proximate result of defendant's discharge of plaintiff in violation of public policy, plaintiff has suffered substantial damages, including lost income and benefits; emotional distress and mental anguish; loss of quality of life and reputation; and other damages to be proven at trial.

11

42. Defendant has engaged in wrongful and egregious misconduct in violation of plaintiff's rights which was willful and deceptive, and evinced an intentional and deliberate or reckless disregard for the rights of plaintiff. Accordingly, plaintiff is entitled to punitive damages in an amount to be determined by the jury.

## PRAYER FOR RELIEF

The plaintiff hereby requests the following relief:

A. That plaintiff be reinstated to her position with defendant;

B. That plaintiff recover of defendant back pay and restoration of all benefits;

C. That plaintiff recover of defendant compensatory damages in an amount in excess of $100,000;

D. That plaintiff recover of defendant punitive damages in an amount to be determined by the jury;

E. That plaintiff recover the costs of this action, including reasonable attorneys' fees for her representation herein, as required by 42 U.S.C. §12117(a);

F. That plaintiff recover pre-judgment and post-judgment interest on all damages awarded herein; and

G. That this Court grant such other relief deemed just and appropriate.

## Request for Jury Trial

Plaintiff hereby demands a trial by jury on all issues presented herein.

This the 16th day of July, 2018.

/s/Daniel C. Lyon
Daniel C. Lyon (42806)
Elliot Morgan Parsonage, PLLC
300 E. Kingston Ave, Suite 200
Charlotte, NC 28203
Phone: (704) 707-3705
E-Mail: dlyon@emplawfirm.com